UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERRY DIMOS,

            Plaintiff,

v.

ONE PAPER LANE, INC., GAURAV
MIRCHANDANI, ADITYA MATTOO,
KISHORE MIRCHANDANI, and ONE
PAPER LANE INTERNATIONAL, PTE,

            Defendants.

No. 1:24-cv-9990-LGS

~~PROPOSED~~ STIPULATED PROTECTIVE ORDER

*So Ordered with the following modification:*

*Documents may be filed under seal only as provided in Judge Schofield's Rule I.D.3. The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.*

*Dated: April 11, 2025*
*New York, New York*

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

      WHEREAS, the parties expect to disclose documents and information in the course of discovery which are confidential; and

      WHEREAS, each party desires to protect and safeguard such confidential information against any disclosure to or use by any other party or any other person or entity; and

      WHEREAS, each party believes that it would serve the interests of the parties to conduct discovery under and be bound by this Protective Order; and

      WHEREAS, there is good cause for this Protective Order and it will not compromise the public interest in any way; and

      WHEREAS, each party has consented and agreed to conduct discovery under and be bound by the Protective Order set forth below.

      NOW THEREFORE, for the purpose of protecting Confidential Information,

      IT IS HEREBY STIPULATED AND AGREED by and between the parties to this civil action, through their respective undersigned counsel, that the Stipulated Protective Order as set forth herein be entered pursuant to Fed .R. Civ. P. 26(c) and be adopted for the protection of Confidential Information disclosed during this action:

1.  Any party or non-party (each of which is referred to as a "party" for purposes of this agreement) producing information in this civil action (whether orally during testimony at depositions, in interrogatory answers, through production of documents and things, in answering requests for admission, pursuant to subpoena, or otherwise) that the party in good faith reasonably believes falls into the definition of Confidential Information, as set forth below, may designate such information "CONFIDENTIAL" or "CONFIDENTIAL-PROTECTIVE ORDER" as specified below. Information so designated by either party and marked as specified below will thereafter be subject to the provisions of this Stipulated Protective Order unless otherwise ordered.

2.  Only information falling within one of the following definitions may be marked as Confidential Information:

    a.  information that would reveal trade secrets or other confidential research, development, or commercial information, including without limitation commercial or proprietary information the public disclosure of which could result in a competitive disadvantage to the party producing such information;

    b.  information that would inevitably result in selecting a biased jury;

    c.  information that would reveal the medical condition of any individuals; and

    d.  information involving and about individualized and sensitive information about personnel and from which the identity of the employee is readily identifiable.

3.  Any such information that is disclosed by or on behalf of any party in this action, if in writing (e.g., in a document or an interrogatory answer), shall be stamped or otherwise clearly marked CONFIDENTIAL or CONFIDENTIAL-PROTECTIVE ORDER (hereafter "CONFIDENTIAL") on each page of the writing on which such information is disclosed, or, if through production of a thing, shall be labeled or otherwise clearly marked CONFIDENTIAL.

4. Stamping or marking of the information as CONFIDENTIAL shall take place prior to handover of the information by the producing party. In the event that documents and things are produced for inspection, no marking need be made by the producing party in advance of inspection. For purposes of the inspection, all documents and things produced shall be considered as marked CONFIDENTIAL. Thereafter, upon selection of specified documents and things for copying or reproduction by the inspecting party, the producing party shall mark as CONFIDENTIAL the copies of such documents and things that the producing party believes contain Confidential Information at the time the copies are handed over to the inspecting party.

5. Any such information that is disclosed orally by or on behalf of any party in this action (e.g., during a deposition) may be designated as CONFIDENTIAL subject to the provisions of this Stipulated Protective Order by so designating the oral testimony or portions thereof. A party may make such a designation by making an appropriate statement on the record at the time of the testimony. A party may also so designate portions of depositions after transcription but shall have a twenty-one (21) day period after receipt of the deposition transcript within which to inform the other parties in writing of the portions of the transcript that are to be designated CONFIDENTIAL after which period the right to make such a designation shall be waived. During the twenty-one day period identified herein, any transcript shall be considered as marked CONFIDENTIAL.

The originals of said deposition transcripts and all copies thereof shall bear the legend CONFIDENTIAL, and the original shall at the time of filing with the Court be sealed, identified as being subject to this Order, and not opened except by order of this Court.

6. In the event that the producing party inadvertently fails to designate as CONFIDENTIAL any information that is produced and that the producing party reasonably believes should be so designated, the producing party may subsequently make such a designation

by notifying opposing counsel in writing as soon as practicable following the discovery that such information should have been marked CONFIDENTIAL. After receipt of such notification, the party to whom disclosure has been made (the receiving party) will treat the information as if designated CONFIDENTIAL subject to the requirements of this Stipulated Protective Order.

       7.     Information designated CONFIDENTIAL shall be used only for the prosecution or defense of this action and under no circumstances other than those specifically provided for in this or in subsequent court orders shall be disclosed to persons other than the following:

    (a)    Attorneys of record for the parties to this action, and their clerical staff employees engaged in work connected to this action;

    (b)    Non-party deponents at the time of the deposition and non-party witnesses at trial, in accordance with the procedures as may be agreed upon among the parties. The producing party may object to such disclosure at the deposition on the grounds that disclosure will compromise the confidentiality of the information. In the event of such objection, the party seeking to use the document may move the Court for an Order permitting such disclosure. The producing party shall have the burden of proof to show that the designation was proper and that use of the document should not go forward;

    (c)    Mediators who are appointed by the Court or retained by all of the parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel;

    (d)    The Court and its personnel and any court reporter retained for deposition or trial in this action;

(e) Any parties to this action (including employees, officers and directors of defendants and any other entities controlled by defendants or with common ownership as defendants);

(f) Professional vendors retained by or on behalf of the parties or their counsel in this action to provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data) and their employees, solely to assist them in the preparation of this case for trial;

(g) Any assistant, stenographic, secretarial or clerical personnel employed by an expert or assisting such expert in the preparation of this case for trial, after such persons have signed Exhibit A and thereby agree to be bound by the terms of this Stipulated Protective Order;

(h) Any Experts retained by or on behalf of the parties, subject to paragraph 8, below; and

(i) Any other persons agreed to by the parties in writing or to whom disclosure is required by law.

Unless otherwise agreed by counsel for the parties, or ordered by the Court, only those persons authorized by this Stipulation and Order to receive information designated CONFIDENTIAL as set forth above may be present during a deposition designated CONFIDENTIAL by counsel of record. Under no circumstances may information designated as CONFIDENTIAL be disclosed to any person or entity other than those identified in this paragraph except with the prior written consent of the producing party. However, any person indicated on

the face of the document or thing as its originator, author or a recipient of a copy thereof may be shown the same.

8. Before counsel of record for a receiving party discloses information designated CONFIDENTIAL to any independent expert or independent consultant, said independent expert or independent consultant must execute a copy of the declaration attached hereto as Exhibit A and thereby agree to be bound by the provisions of this Stipulated Protective Order. Counsel of record for the receiving party shall keep the declaration executed by each such expert or consultant.

9. All CONFIDENTIAL information disclosed in this civil action may be used only for purposes of this action and not for any other actions or any business purpose whatsoever.

10. Those to whom information designated CONFIDENTIAL is made available shall: (a) forever protect, safeguard and otherwise respect its confidential nature, (b) not disclose it or any part of it (including any summaries, abstracts, digests, reports, analyses or indices of the CONFIDENTIAL information) to any person other than the persons identified in paragraphs 7 and 8 who are entitled to have it made available to them, (c) not use it or any part of it (including any summaries, abstracts, digests, reports, analyses or indices of the CONFIDENTIAL information) for their own benefit or the benefit of the receiving party or anyone else, or to the detriment of the producing party, or for any other purpose, except as necessary for the good faith conduct of this proceeding in accordance with the Stipulated Protective Order, and (d) maintain all documents and things which are or which contain or reveal CONFIDENTIAL information in a secure place where unauthorized disclosure to persons other than those identified in paragraphs 7 and 8 cannot reasonably be expected to occur.

11. In the event that a party receiving information that the producing party has designated CONFIDENTIAL disagrees with the propriety of that designation, then the parties will

first confer, in good faith, to attempt to resolve such dispute on an informal basis before presenting the dispute to the Court by motion or otherwise. Any agreement to remove a designation must be made in writing and signed by the producing party or its counsel. If the parties cannot reach a resolution, the party claiming confidentiality shall present the issue to the Court within thirty days of the parties' conference to resolve such dispute. The Court may then determine whether the information should be considered CONFIDENTIAL and, if so, may rule on what restrictions on access or disclosure should be imposed. The burden of establishing that information is CONFIDENTIAL shall rest upon the party claiming such CONFIDENTIAL designation. All information whose designation as CONFIDENTIAL has been disputed shall be treated as CONFIDENTIAL until such time as the Court determines or the parties agree otherwise. No party shall be obligated to challenge the propriety of the CONFIDENTIAL designation at the time of production, and a failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

12. ~~Any pleadings, responses to requests for discovery, motions or other documents filed with the Court that disclose any information designated as CONFIDENTIAL shall be designated appropriately, and shall be filed under seal with a cover sheet bearing the caption of this action and containing the following notice: "CONFIDENTIAL-SEALED BY ORDER OF THE UNITED STATES DISTRICT COURT; FILED PURSUANT TO PROTECTIVE ORDER", and shall be kept under seal until further order of the Court. Where possible, only those portions of filings with the Court that may reasonably be classified as containing CONFIDENTIAL information shall be filed under seal. It shall be the responsibility of the designating party to prepare and file any motion to seal a document marked as CONFIDENTIAL. In the event that a non-designating party anticipates that it will file a document marked as CONFIDENTIAL, such party shall notify the designating party no later than seven days before~~

7

~~such filing in order to permit the designating party to determine whether it will seek sealing and,~~ ~~if so, to file an appropriate motion~~.

13. All deposition transcripts, briefs, memorandums, and other papers filed, in accordance with paragraph 12, with the Court by any party which contain or describe CONFIDENTIAL information shall be filed with the Court together with a transmittal letter reciting, in substance:

> "These documents contain information of an extremely confidential nature. Pursuant to the Stipulated Protective Order, entered by the United States District Court for the Southern District of New York on the ___ day of _____, 20__, you are respectfully instructed to place them in a separate file to which access is restricted to the Office of the Clerk of the United States District Court for the Southern District of New York."

14. Any party requesting discovery from non-parties in connection with the action shall provide such non-parties with a copy of this Protective Order so as to inform each such non-party of his, her or its rights herein. If a non-party provides discovery to any party in connection with the Action, the non-party may invoke the protections of this Stipulated Protective Order for such information by designating that information CONFIDENTIAL in accordance with the terms of this Stipulated Protective Order. The production by a non-party of any document containing CONFIDENTIAL information shall not be considered a breach of any confidentiality agreement between the producing non-party and any party to this action.

15. If a recipient of information designated as CONFIDENTIAL is served with a discovery request, subpoena, or an order issued in other litigation, or receives some other form of legal process from any court, federal or state regulatory or administrative body or agency, legislative body or other person or entity, that seeks disclosure of any information or items designated in as CONFIDENTIAL in this action, the recipient must notify the producing party in

writing (by fax or electronic mail, if possible), and include with that notice a copy of the discovery request, subpoena, order, or other form of legal process as soon as reasonably practicable, and shall delay disclosure, to the extent permitted by law, until the producing party has had an opportunity to seek, at its own expense, a protective order or other appropriate remedy.

16. This Stipulated Protective Order is without prejudice to the right of any party to seek relief from or modification of any provision contained herein after notice to the other parties.

17. By stipulating to the entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item for any reason for any reason permitted by law, including, but not limited to, under the Federal Rules of Civil Procedure. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

18. This Stipulated Protective Order shall be without prejudice to the right of any party to oppose production of any information for any reason permitted under the Federal Rules of Civil Procedure.

19. Nothing in this Stipulated Protective Order shall preclude a party from using or disclosing information or material that:

    (a) was, is or becomes public knowledge, other than as a direct or indirect result of any act of a party or person in violation of this Stipulated Protective Order;

    (b) is independently acquired by the non-designating party by itself or from a third party having the legal right to disclose such information or material; or

    (c) was lawfully possessed by the non-designating party prior to the entry by the Court of this Order.

20. Nothing in this Order shall be construed to limit in any way any party's or any other person's use of its own documents.

21. Unless otherwise ordered or agreed in writing by the producing party, within sixty (60) days after the final termination of all of the Action, including any appeals, each receiving party must undertake reasonable efforts to return all information designated as CONFIDENTIAL to the producing party. The receiving party may undertake reasonable efforts to destroy some or all of the information designated as CONFIDENTIAL instead of returning it, and provide written certification of such destruction to the party that produced such information.

22. This Protective Order shall survive the termination of the Action. No part of the restrictions imposed by this Protective Order may be waived or terminated, except by the written stipulation executed by counsel of record for each party or by an Order of the Court for good cause shown.

23. All notices required by this Protective Order must be provided in writing to counsel of record for each party and, if applicable, in writing to a non-party. Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the party who is entitled to receive such notice.

24. The parties agree to submit this Stipulated Protective Order for entry by the Court and to be bound by its terms prior and subsequent to entry by the Court.

Dated:  April 10, 2025

              BARCLAY DAMON

              By:  /s/ Lee N. Jacobson, Esq